884 F.2d 1397
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re SMITHKLINE DIAGNOSTICS, INC., Petitioner.
 Misc. No. 251.
 United States Court of Appeals, Federal Circuit.
 May 10, 1989.
 
 Before PAULINE NEWMAN, ARCHER and MAYER, Circuit Judges.
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 SmithKline Diagnostics, Inc. (SKD) petitions for writ of mandamus or, in the alternative, seeks to appeal under the collateral order doctrine. In its petition and/or appeal, SKD asks us to direct the United States District Court for the District of Delaware to grant SKD's motion to separate the trial on willfulness from the remainder of the case and to deny Warner-Lambert Company's (Warner) motion to compel production of privileged documents.
 
 
 2
 Briefly, Warner sued SKD for infringement, including a charge of willfulness. During discovery, Warner sought production of all documents that SKD intended to rely upon to rebut the charge of willfulness. SKD moved to delay discovery and the trial on willfulness until after the trial on liability. SKD argued that the privileged opinions include "a full and frank disclosure of all SKD's counsel's then legal theories and analysis, which will inevitably impact on the litigation strategy in this jury trial case and would be invaluable to opposing counsel in preparation of Warner-Lambert's case on liability." SKD relied on Fromson v. Western Litho Plate and Supply Co., 853 F.2d 1568 (Fed.Cir.1988) for the proposition that willfulness must be separated from the trial on liability in order to avoid the privileged document problem.
 
 
 3
 The district court denied SKD's motion to bifurcate, ruling (1) that an in camera inspection of documents showed that SKD's fears that production before the liability trial would expose SKD's litigation strategy were exaggerated, (2) that the cases relied on by SKD were distinguishable, and (3) that the court had earlier determined not to bifurcate liability and damages and now would not sever the willfulness issue. The district court stayed the order for production until May 11, 1989. SKD promptly sought review by mandamus or appeal.[1]
 
 
 4
 The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances. One seeking a writ has the burden of showing that it has no other adequate means to attain the relief it desires and that its right to issuance of the writ is clear and indisputable. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Further, an order denying or granting bifurcation will rarely, if ever, justify the issuance of a writ. "Where a matter is committed to the district court's discretion, it can not be said that a litigant's right to a particular result is 'clear and indisputable.' " Allied, 449 U.S. at 36 quoting Will v. Calvert Fire Ins. Co., 437 U.S. 655, 666 (1978). Nor do we view Fromson as mandating that a district court sever willfulness from liability in every case.[2] In sum, SKD has not carried its burden of showing that mandamus is appropriate under the circumstances here.
 
 
 5
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 6
 (1) SKD's petition for writ of mandamus is denied.
 
 
 7
 (2) SKD's "appeal" and accompanying motions are dismissed.
 
 
 
 [1]
 Interlocutory discovery orders compelling production of documents are not generally appealable. 9 Moore's Federal Practice, p 110.13. In Alexander v. United States,, the Supreme Court affirmed the policy against piecemeal appeals in the context of discovery orders: "Let the court go further and punish the witness for contempt of its order, then arrives a right of review, and this is adequate for his protection without unduly impeding the progress of the case." Alexander, 201 U.S. 117, 121 n. 1 (1966). Accordingly, we determine that SKD's alternative "appeal" must be dismissed
 
 
 [2]
 Fromson, 853 F.2d at 1572 states:
 Western refused to answer interrogatories on whether it obtained counsel's opinion before it began infringement in 1965 or on the content of any such opinion, saying it would disclose matters only if it were found liable for infringement at trial, in essence suggesting a separate trial on willfulness, e.g., as part of a separate trial on damages. That approach may be useful in meeting the attorney-client privilege problem. Here, however, willfulness and damages were tried with liability, and Western did not offer an opinion of counsel. Where the infringer fails to introduce an exculpatory opinion of counsel at trial, a court must be free to infer that either no opinion was obtained or, if an opinion was obtained, it was contrary to the infringer's desire to initiate or continue its use of the patentee's invention.